IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY WEST,

    Petitioner,          CASE NO. 2:09-cv-93

v.                            JUDGE FROST

BENNIE KELLEY, Warden,

    Respondent.

## OPINION AND ORDER

On June 14, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. §2254, be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 15. For the reasons that follow, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In his objections, petitioner also requested the issuance of a certificate of appealability in the event that his objections are overruled. Petitioner's request for a certificate of appealability is **GRANTED**, in part, as more fully explained below. His request to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to renewal upon submission of his financial affidavit indicating his inability to pay the filing fee required for the appeal. See Federal Rule of Appellate Procedure 24(a)(1).

First, Petitioner objects to the Magistrate Judge's recommendation of dismissal of his first claim. With respect to that claim, petitioner again argues that he was improperly

convicted on six undifferentiated counts of a single offense, in violation of the Due Process and Double Jeopardy Clauses. He asserts that evidence failed to reflect six distinct criminal acts and that this failure brings his case within the rule announced in *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005). Petitioner also objects to the Magistrate Judge's conclusion that this claim was procedurally defaulted. He does not appear to disagree that a procedural default occurred, but he contends that the Magistrate Judge should have found that he satisfied the "cause and prejudice" standard for overcoming procedural default because the default occurred due to the ineffective assistance of his counsel. His second claim is related to his first claim and involves the same issues and analysis.

With respect to his third and fourth claims, both of which deal with the constitutionality of the remedy for *Blakely* violations developed by the Ohio Supreme Court in *State v. Foster*, 109 Ohio St.3d 1 (2006) , petitioner acknowledges that both the district courts in Ohio and the Court of Appeals for the Sixth Circuit have rejected the argument that the application of the *Foster* remedy violates due process and the Ex Post Facto Clause. However, he has objected to the Magistrate Judge's recommendation of dismissal of this claim on the merits and has asked the Court to "rule in light of the evidence before it." Doc. 15, at 9

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review. As to the procedural default issue, which, if resolved against petitioner, moots any objection to the recommended dismissal of his first two claims on their merits, there is no dispute that petitioner never raised an objection to the undifferentiated nature of the counts of the

2

indictment at trial. He did raise the issue at the court of appeals level, but that court held that the challenge went to the form of the indictment and should have been raised in a pre-trial motion under Ohio Criminal Rule 12(C)(2). As the court of appeals opinion (quoted in the Report and Recommendation, Doc. 14, at 16) noted, petitioner's "counsel not only failed to object to the amended indictment, but actively encouraged the court to allow the indictment to be amended" and that he did so in an attempt to "gain a benefit for [petitioner] by preventing the prosecutor from bringing any future charges for crimes committed within the range of amended dates ...." The state court of appeals viewed the *Valentine* challenge as waived both because of the failure to object to the form of the amended indictment and under the doctrine of invited error. As noted, petitioner does not challenge the finding that the state court did not reach the merits of this claim for procedural reasons, or that those reasons are insufficient to sustain the state court's decision here. Rather, he claims that trial counsel's failure to make the required pre-trial objection, and his active participation in the process through which the amended indictment was filed, fell below the standard of performance required of attorneys by the Sixth Amendment, thus excusing the procedural default which occurred and was enforced during the state court proceedings.

Petitioner did present this ineffective assistance of counsel argument to the state courts, and it was found wanting. In particular, the state court of appeals concluded that the absence of specific dates in the indictment, as well as its undifferentiated nature, were not objectionable, and it would have been futile for petitioner to object to the indictment

3

on those grounds.  *See* Report and Recommendation, at 26.  The Report and Recommendation, applying the AEDPA's deferential standard of review to this finding, held that it was not an unreasonable application of the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), and that this Court could not make a contrary finding on the issue.  The Report and Recommendation also concluded that the facts of this case differed enough from those in *Valentine* that the failure to make an objection to the indictment based on the holding of that case did not constitute constitutionally deficient performance.

In his objection, petitioner, without citing to the applicable standard of review, continues to insist that trial counsel acted ineffectively by not raising a *Valentine* issue.  In particular, he claims that once the trial testimony was developed, it became clear that "the evidence produced at trial supported fewer than six counts of rape of a child under the age of thirteen."  Doc. 15, at 8.  Consequently, he concludes that had trial counsel objected, petitioner would not have been subject to convictions on all six counts, but four at most.  However, the predicate of that argument - that the testimony did not show at least six different criminal acts, but only the performance of one criminal act on multiple but undifferentiated occasions - does not appear to be the case.  Although some of the testimony presented was in the form of estimates from the victim as to how many separate acts of rape took place (petitioner was convicted of having both oral and anal sex on multiple occasions with his twelve-year-old stepdaughter), there was also very specific testimony as to a number of acts, and they were sufficiently numerous to allow the jury to

4

differentiate between the acts in a way that avoided the main problem identified in *Valentine*, where the victim simply testified to two different types of sexual acts and then estimated that each occurred fifteen to twenty times, without providing any detail to differentiate any one of the acts from any of the others.

Again, it is worth noting that the issue concerning procedural default is not whether a *Valentine*-type violation actually occurred, but whether trial counsel was constitutionally ineffective for not asserting that it did based on this precise record - and also whether the state court of appeals unreasonably applied *Strickland* when it concluded that counsel was not ineffective for failing to raise the issue. This Court cannot make that leap here, and therefore agrees that there is no basis upon which to excuse the procedural default of this claim. For much the same reasons, the *Valentine* claim also fails on its merits, were the Court to reach them.

As noted above, with respect to the remaining claims raised in the petition, petitioner presents no new argument concerning his *Foster* claims, and the Court agrees that the prevailing case law precludes granting relief on these claims. The objection to the dismissal of these claims is clearly without merit. Therefore, petitioner's objections to the Report and Recommendation are **OVERRULED.** Claims one and two are dismissed as procedurally defaulted; claims three and four are dismissed on the merits.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S.

5

880 (1983).  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. at 484.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.*, at 485.  The court may first "resolve the issue whose answer is more apparent from the record and arguments."  *Id.*

Petitioner has failed to establish that reasonable jurists would debate whether this Court correctly dismissed petitioner's claim that his sentence, as shaped by the *Foster* decision, violated the Ex Post Facto and Due Process Clause.  Therefore, his request for a certificate of appealability on claims three and four is **DENIED**.  However, the Court is persuaded that reasonable jurists could debate whether this Court correctly dismissed the

6

*Valentine* claims as procedurally defaulted, and also whether the facts of this case make out a valid Due Process and Double Jeopardy claim under *Valentine*.  Therefore, the Court certifies the following issue for appeal:

> Did the District Court properly dismiss claims one and two of the petition based on petitioner's failure to establish cause and prejudice for his procedural default?

In sum, petitioner's objections are **OVERRULED.**  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.  Petitioner's request for a certificate of appealability is **GRANTED**, in part, as set forth above.  His request to proceed *in forma pauperis* on appeal is **DENIED** without prejudice to renewal upon submission of a financial affidavit indicating his inability to pay the filing fee required for the appeal.  See Federal Rule of Appellate Procedure 24(a)(1).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
United States District Judge

7